IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER C., a minor, and LISETTE C., individually and as next friend of Christopher C., <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299, <br><br> Defendant. | Case No. 10 C 821 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Court:

Christopher C. and Lissette C. have filed this action against the Chicago Board of Education, District 299 (Board) to recover attorney's fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3). They incurred the fees in connection with an administrative due process hearing in which they substantially prevailed.

### Facts

At the end of the 2008-09 school year, Christopher C. was a twelve year old boy who had completed seventh grade at Irving School. He has been diagnosed with emotional behavior disorder, selective muteism, and attention deficit hyperactivity disorder. On March 19, 2009, Christopher's mother, Lisette C., filed a request for a due process hearing under 20 U.S.C. § 1415, alleging that the Board had not provided

Christopher a free and appropriate education from October 2006 through the date of her request.

The due process hearing took place in May-June 2009. On June 29, 2009, the hearing officer issued a written decision. The officer ruled that the Board failed to appropriately identify Christopher's needs, implemented a defective individualized education plan (IEP), failed to convene an IEP meeting when it became obvious that Christopher was not appropriately responding to social work services, and improperly removed him from special education services. The officer ordered the Board to place Christopher in a private therapeutic day school for the 2009-10 school year, provide the plaintiffs with various services and training, convene an IEP meeting, and reimburse Lisette for payments previously made to Dr. Stanford, a private neuropsychologist and speech therapist. The officer also ordered the Board to contact Christopher's parents by July 7, 2009 to schedule occupational therapy, assistive technology, speech, and language evaluations. When this deadline passed without any information from the Board, the plaintiffs' attorney consulted with Dr. Stanford and Kathie Fouks, director of Acacia Academy, to find independent evaluators in these areas.

On July 29, 2009, Jonathan Hermann, an attorney for the Board, sent an e-mail scheduling the IEP meeting the hearing officer had directed. The meeting was held on August 27, 2009 and included the plaintiffs, their attorney Nelly Aguilar, Dr. Stanford, Ms. Fouks, and Chicago Public Schools staff. Christopher began attending a private therapeutic day school on October 13, 2009.

During July and August 2009, Ms. Aguilar consulted and corresponded with the plaintiffs, Dr. Stanford, Ms. Fouks, and Dr. Marsden-Johnson, an independent

evaluator.  Ms. Aguilar also filed a complaint with the Illinois State Board of Education (ISBE) seeking assistance in enforcing the relief ordered by the hearing officer, via a letter dated September 21, 2009.  From September 2009 through January 2010, Ms. Aguilar engaged in extensive correspondence concerning enforcement and compliance with the hearing officer's order, including correspondence with Mr. Hermann, the Board's attorney.

On January 7, 2010, the plaintiffs, through Ms. Aguilar, sent a letter demanding attorney's fees, along with an itemized list or fees and costs incurred during the underlying due process hearing as well as post-hearing monitoring and enforcement efforts.  Plaintiffs filed this action on February 5, 2010.  They seek $37,299.71 in attorney's fees relating to the hearing and post-hearing enforcement work.  Plaintiffs also seek $151.71 in photocopying costs, plus prejudgment interest from the date of their fee request.

The Board has filed a motion for summary judgment, arguing that plaintiff's fee petition is untimely.  Alternatively, the Board asks the Court to reduce the fee amount to $28,846.12 on various grounds.  The Board also argues that prejudgment interest is inappropriate in this case.  Plaintiffs have cross-moved for summary judgment.

**Discussion**

It is undisputed that plaintiffs were prevailing parties entitled to recover reasonable attorney's fees under the IDEA.  20 U.S.C. § 1415(i)(3)(B)(1).  Cases involving analogous attorney's fees statutes apply to determination of a fee petition under the IDEA.  *See Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7 (1984); *see also*

*Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U,* 109 F.3d 1250, 1253 n.2 (7th Cir. 1997).

The Board argues that the plaintiffs' fee petition is untimely because it was filed after the deadline for IDEA fee petitions. Section 1415 does not set a specific deadline for filing a claim for attorney's fees. The Seventh Circuit has held that a prevailing party must make a fee claim within 120 days after the hearing officer's order becomes final. *Dell v. Board of Educ. Twp. High Sch. Dist.,* 113, 32 F.3d 1053, 1058-59 (7th Cir. 1994); *McCartney C. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175 (7th Cir. 1994). When, as in this case, the school district does not challenge the hearing officer's decision, the decision becomes final when the time for the district to challenge it has run, 120 days after the decision. *Id.* at 1063. Thus in a case like this one, the time limit for filing a suit for fees is 240 days after the date of the hearing officer's decision. *See Stephanie J. v. Bd. of Educ. of the City of Chicago, Dist. 299,* No. 10 C 1359, 2010 WL 3070461, at 82 (N.D. Ill. July 30, 2010) (petition filed 204 days after hearing officer's decision); *Justin B. v. Laraway Cmty. Consol. Sch. Dist. 70C*, No. 03 C 5462, 2004 WL 1673034, * 2-3 (N.D. Ill. July 23, 2004) (petition filed 140 days after hearing officer's decision).

The plaintiffs in this case filed their suit seeking fees on February 5, 2010, 221 days after the hearing officer's order was entered on June 29, 2009. The Board argues that the July 29, 2009 e-mail by Mr. Hermann, scheduling the IEP meeting the hearing offer had ordered, signaled the Board's intent not to challenge the hearing officer's order. It contends this was the date the order became final, triggering the 120 period

4

for filing a claim for fees. Mr. Hermann's letter, however, did not say the Board would not challenge the decision, nor was it any sort of binding guarantee not to assert a challenge. Other courts in this district have rejected similar arguments, and this Court agrees with them. *See, e.g. Stephanie J.,* 2010 WL 3070461, at *3.

The Board also argues, relying on *Rosemary B. v. Bd. of Educ. of Cmty. High Sch. Dist. No. 155*, 52 F.3d 156 (7th Cir. 1995), that the 120 day period for filing an attorney's fees petition should begin when the plaintiff has "a factual basis to believe she has achieved the relief she requested through some kind of settlement." *Id.* at 159. But in this case there was no "settlement" as of the July 29, 2009 date the Board cites, and in any event, the the holding in *Rosemary B.* applies in cases "where . . . no hearing occurred." *Id.* That was not the case here. The Court concludes that plaintiffs' fee request was timely.

The next issue is the amount of attorney's fees that plaintiffs are entitled to recover. As a starting point, courts rely on the "lodestar" method of calculation: the hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The Court awards fees for the time reasonably expended. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). The fee applicant bears the burden of showing the reasonableness of the time requested. *Hensley*, 461 U.S. at 437.

An attorney's reasonable hourly rate is determined based on the market rate for the services rendered. *Spegon*, 175 F.3d at 554-55; 20 U.S.C. § 1415(i)(3)(C)(fees "shall be based on rates prevailing in the community."). The Board does not dispute the

$185 hourly rate sought by Ms. Aguilar.  The Board objects to just under forty-three hours of time charged after the hearing officer's decision on June 29, 2009.  Plaintiffs argue this time should be awarded because it was spent on post-hearing enforcement of the hearing officer's order.  Compensation has been awarded for post-judgment enforcement and monitoring under other civil rights litigation fee-shifting statutes.  *See, e.g. Martin v. Hadix*, 527 U.S. 343, 359-60 (1999) (awarding attorney's fees for post-judgment monitoring in prison condition litigation); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 559 (1986) (awarding fees for post-judgment monitoring and enforcement of Clean Air Act consent decree).  Attorney's fees likewise have been held recoverable for useful post-judgment work that is intertwined with the underlying claims and is of a type ordinarily necessary to secure the result obtained in the underlying action.  *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997); *see also P.G. v. Brick Twp. Bd. of Educ.*, 124 F. Supp. 2d 251, 263 (D.N.J. 2000) (awarding fees for post-order enforcement activities "inextricably intertwined" with IDEA hearing).

The Board's multiple failures to meet deadlines and comply with the hearing officer's order in timely fashion made Ms. Aguilar's post-hearing enforcement activities reasonable and necessary to ensure plaintiffs received the relief they were awarded.  The Board failed to contact the plaintiffs regarding various evaluations by the July 7, 2009 deadline, missed the fourteen day deadline to convene an interim IEP meeting, and did not actually convene an IEP meeting until August 27, 2009, two months after the hearing officer's order.  During this period, Ms. Aguilar corresponded with the Board

and independent therapists to effectuate the relief awarded in the order and filed a complaint with the ISBE seeking assistance in enforcing the order. As indicated by a letter from the ISBE's due process coordinator, the Board was not fully in compliance with the hearing officer's Order until on or about January 11, 2010. *See* Def.'s Ex. K. Given these facts, the time spent by Ms. Aguilar after June 29, 2009 was reasonably spent to securing the relief ordered by the hearing officer and is thus properly compensable because it was intertwined with the due process hearing. *See Stephanie J.*, 2010 WL 3070461, at *4.

The Board also objects to three specific charges. First, Ms. Aguilar charged three hours of attorney time on June 26, 2009 to review and discuss the hearing officer's order with the plaintiffs. The order, however, was not issued until June 29, 2009. This entry is erroneous. The Court reduces the fee request by $555.00.

Second, the Board objects to 4.25 hours billed for organizing the document book that plaintiffs presented at the hearing, arguing that this was administrative or clerical work. Attorney's rates do not apply when the attorney provides services that ought to have been delegated to a non-professional. *See Spegon*, 175 F.3d at 553. Plaintiffs argue that two of these hours were billed for a conference with the parent and that the complexity of the 257-page document book makes it unsuitable work for an administrative assistant or a paralegal. Nothing in the record, however, reflects that any of this time involved a parent conference, and organizing a document book is, in the Court's view, an administrative task in this situation. The rate for this time is reduced by fifty percent to $92.50 per hour, a figure that plaintiffs have shown is an appropriate hourly rate range for paralegal-type work. The reduction totals $393.13.

7

Third, the Board argues that the $151.71 claimed for photocopying charges lacks specificity and should be denied. Ms. Aguilar's affidavit provides sufficient support for these charges. The charges were incurred to make four copies of the exhibit book (257 pages each) for the due process hearing. These were reasonable charges.

The last issue concerns plaintiffs' request for prejudgment interest from the date of their January 7, 2010 letter requesting fees. Prejudgment interest is presumptively available to victims of violations of federal law. *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230,* 983 F.2d 790, 799 (7th Cir. 1993). The Seventh Circuit has not addressed the propriety of awarding prejudgment interest for fee awards under the IDEA, but other district courts have awarded interest in such cases. *See, e.g. Stephanie J.,* 20102010 WL 3070461, at *5; *M. v. Bd. of Educ. of the City of Chicago*, No. 10 C 2110, 2010 WL 2698285, at *7-8 (N.D. Ill. July 7, 2010); *Kaseman v. District of Columbia,* 329 F. Supp. 2d 20, 28 (D.D.C. 2004). This Court agrees with those decisions.

The Board argues there is no evidence that it acted in bad faith or with unreasonable delay, but good faith does not affect the availability of prejudgment interest. *First Nat'l Bank of Chicago v. Standard Bank & Trust,* 172 F.3d 472, 480 (7th Cir. 1999). The purpose of prejudgment interest is "to put the party in the position it would have been in had it been paid immediately." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys.,* 325 F.3d 924, 935 (7th Cir. 2003). It is thus appropriate to award prejudgment interest to the plaintiffs. Because there is no statutory interest rate, the Court will use the prime rate as the benchmark. *Id.* at 480. The prime rate has been

3.25 percent for the entire period in question.  *See*

http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt (last

visited Aug. 26, 2010).  The Court will apply that rate.

## Conclusion

For the reasons stated above, the Court grants each side's motion for summary judgment in part and denies it in part [docket nos. 14 & 17].  Plaintiffs are entitled to recover a total of $36,351.58 in attorney's fees and expenses ($37,299.71 less the $948.13 the Court has deducted), plus prejudgment interest of 3.25 percent from January 7 through August 26, 2010, a total of $748.  The Clerk is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $37,099.58.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 26, 2010